RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/25/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROY LEE JONES (LA.DOC.#98435) | DOCKET NO. 14-CV-2594; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Roy Lee Jones filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. Section 2254. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC), and he is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Facts and Background*

Petitioner was convicted of aggravated rape and armed robbery in the Ninth Judicial District Court for Rapides Parish ("9th JDC"). He was sentenced to life imprisonment. He directly appealed his conviction to the Third Circuit Court of Appeals, and the conviction was affirmed on April 10, 1985. [1:05-cv-1183, Doc. #6.] He did not seek review in the Louisiana Supreme Court. Nineteen years later, in 2004, Petitioner filed an application for post-conviction relief in the 9th JDC. The application was denied on April 23, 2004. [1:05-cv-1183, Doc.#6] Petitioner sought discretionary review in the Third Circuit Court of Appeals on June

8, 2004, which was denied on August 11, 2004. [Id.] He sought review in the Louisiana Supreme Court, which was denied on June 3, 2005. State ex rel Roy Lee Jones v. State, 2005-KH-2398 (La. 6/3/05).

Petitioner filed a writ of habeas corpus pursuant to §2254 in this Court on July 1, 2005. The petition was denied and dismissed as time-barred under the AEDPA (Anti-Terrorism and Effective Death Penalty Act of 1996) on September 20, 2005. [1:05-cv-1183; Doc. #10]

Petitioner filed another habeas petition under §2254 in this Court on April 13, 2011, attacking the same conviction as the prior petitions. That petition was dismissed for lack of jurisdiction on February 29, 2012. [1:11-cv-1905, Doc.#10]

On August 25, 2014, Petitioner filed another §2254 habeas petition in the matter captioned above, which is now before the Court.

### *Law & Analysis*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1 996), codified as amended at 28 U.S.C. §2244(b), prohibits repeated, abusive challenges to the same conviction. Section 2244(b), as amended by the AEDPA, places the following restrictions on "second or successive" applications for habeas corpus relief:

    (1) A claim presented in a second or successive habeas corpus application under section 2254 that was

>  presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —
>
> (A) the applicant must show that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Section 2244(b) does not define what constitutes a "second or successive" petition. The Fifth Circuit has explained that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In Re: Cain, 137 F.3d 234 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it

contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Before a second or successive application permitted by §2244(b) is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. §2244(b)(3)(A). Absent the requisite authorization, a district court is without jurisdiction to consider successive claims. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). "Indeed, the purpose of [§2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." Id. If a district court finds that a successive petition has been filed without authorization, the court may dismiss that petition without prejudice for lack of jurisdiction.

Petitioner's first habeas corpus was dismissed with prejudice as time-barred pursuant to 28 U.S.C. §2244(d), and such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. See In re Flowers, 595 F.2d 204, 205 (5th Cir. 2009)(per curiam). The instant petition, which attacks the same conviction and sentence and raises claims that could have been raised in his first §2254

4

application, is therefore second or successive. As Petitioner has been instructed by this Court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must authorize the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A) and (B).

A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

*Conclusion*

Therefore, **IT IS RECOMMENDED** that this petition for habeas corpus be **DISMISSED for lack of jurisdiction**. *Petitioner must obtain permission from the Fifth Circuit Court of Appeals before filing a second or successive §2254 petition.*

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2).** A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Thus done and signed at Alexandria, Louisiana, this 25th day of September, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6